UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARLENE SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1630-DDN |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Marlene Schneider for leave to proceed *in forma pauperis*. Having reviewed the financial information provided with the motion, the Court determines that plaintiff is financially unable to pay the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a

*pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action on behalf of herself and "all persons similarly situated." (Docket No. 1 at 1). Named as defendants are United States Department of Justice, U.S. Bank National Association, Alton Banking & Trust Company, Millsap & Singer LLC, William R. Haine, Ronald C. Mottaz, and Alan Napp. Plaintiff describes herself as the "lead plaintiff," and as grounds for this Court's jurisdiction states that this is the only court with "authority to bring these breaches of federal and constitution rights to justice. There are multiple violations of the Racketeering, Influence & Corrupt Organizations (RICO) Act of 1970." *Id.* Plaintiff alleges as follows:

> Beginning in before and about the year 1978, Chicago, Illinois "Outfit" controlled American Federation of Labor & Congress of Industrial (AFL-CIO) labor trade union people increased their arsons, threats, mob actions and assaults on we non-AFL-CIO people, which they contend are stealing their work. In federal case number 78-5199 consolidated, we Congress of Independent Union (CIU) workers with the aid of the National Labor Relations Board obtained an injunction and settlement agreement wherein these organizations and people were to stop their outrageous and unconstitutional conduct, which here continues. The Defendants named here are still acting in breach of federal law and said injunction settlement agreement and injunction. These natural person defendants are criminally operating both in the states of Illinois and Missouri against me, my family and others with impunity. I have met with FBI agents with others in order to obtain

> federal law enforcement officials to do their duty to no avail. Said defendants have defrauded me and others out of multiple properties acting under color of law and official right and laundered their ill gotten gains to enrich themselves. On June 13, 2017 these defendants seek to again defraud me and others out of my home 117 Hunters Ridge St. Charles, Missouri 63301. See attached list of documents, newspaper articles and case files in support. I have sent the same in prior years to the defendants and their attorneys. I want nothing more than the honest administration and enforcement of public law and trail [*sic*] by a jury of my peers.

(*Id.* at 4). Plaintiff attaches copies of claims for lien filed by another person (Docket No. 1, Attchs. 1 and 2) and a letter apparently sent to her by defendant Millsap and Singer, P.C., notifying of a foreclosure sale. As relief, plaintiff asks that a lawyer be appointed for her, her family and all other people wronged by the defendants, "true & due justice as is a constitutional common law right," monetary damages in excess of $20,000,000.00, and for property and businesses to be returned to "all those wronged." (*Id.* at 5).

## Discussion

The complaint presents frivolous claims over which this Court lacks jurisdiction, and it will therefore be dismissed. Plaintiff fails to specify what constitutional rights or federal laws were violated, she fails to provide any details about an alleged injunction or agreement, and she fails to plead sufficient factual allegations to state a claim against any defendant. Instead, plaintiff pleads only unintelligible legal conclusions that are not explained or related to the facts, and otherwise sets forth the type of "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found insufficient. *See Iqbal*, 556 U.S. at 678. The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, plaintiff cannot bring claims on behalf of others because she is not an attorney, s*ee* 28 U.S.C. § 1654, and she seeks to compel the criminal

prosecution of the defendants, something this Court cannot do. *See Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion." (citations omitted)). Finally, plaintiff asserts no plausible basis for this Court's federal question jurisdiction, and there could be no diversity jurisdiction because plaintiff alleges that both she and Millsap & Singer, P.C. are Missouri residents. *See* 28 U.S.C. § 1332(a); *see also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of August, 2017.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE